## SUPERIOR COURT OF BALTIMORE CITY

Filed April 18, 1891.

### NATHAN A. BACHRACH
### VS.
### OTTO SAMPTER AND SIGMUND SIMON, TRADING AS OTTO SAMPTER & SIMON.

*Martin Lehmayer* for plaintiff.
*Isidor Rayner* for defendants.

STEWART, J.—

The attachment in this case was issued against non-residents of the State, and under Section 43 of Article 9 of the Code of Public General Laws, for unliquidated damages growing out of a contract for employment, by the year, made between the parties to the suit, the breach of the contract being as alleged, the discharge of the plaintiff by the defendants before the expiration of the year.

The Code says that in such cases no attachment shall issue, until a declaration shall have been filed, setting out specially and in detail, the breach of contract complained of, verified by the affidavit of the plaintiff or some one in his behalf, and until a bond shall be filed. In cases issuing under this section the practice and pleadings shall, in all other particulars, conform to the practice and proceedings against non-residents and absconding debtors in actions, *ex contractu*, for liquidated damages.

The motion to quash in this case has been argued upon the theory that an account of some kind must be annexed to, and filed with the declaration before the attachment can be issued.

It is true that under Section 4 of Article 9, an attachment cannot issue in actions *ex contractu*, unless at the time of making the affidavit, the creditor shall produce the bond, account, or other evidences of debt, by which the debtor is so indebted.

There is no doubt that in such actions the evidence of debt exhibited and filed must show a *prima facie* ground of claim by the plaintiff against the defendants and when the claim is based upon an obligation to a third party, an assignment of the interest of said party to the plaintiff must be shown to entitle the plaintiff to the writ. But this is not a claim of that character; should the plaintiff live until the expiration of the year, and after making efforts to obtain employment fail to meet with success, the amounts due him may be easily ascertained; there are however, contingencies in the case, which may reduce the amount below the plaintiff's claim as now made, and which a jury might well take into consideration in passing upon the amount due, and hence the Court cannot say that the contract sued on furnishes such a standard as would justify it in assuming that the damages may be laid as liquidated, because inferences from extrinsic facts and circumstances must be drawn by the jury, in order to reach a result.

The plaintiff having complied with Section 43, the writ of attachment in this case was properly issued; having issued, the practice and pleadings thereafter will conform to the requirements in regard to attachments against non-resident debtors in actions *ex contractu*. It is not necessary to interpolate in this section of the law the language used in the fourth section. Had the legislature intended to make an account or other evidence of debt a necessary prerequisite to issuing the attachment, it would have used language proper to effect that purpose; no matter how loosely worded a law may be, it is the duty of the Court to give effect to its apparent intent, and not to defeat its objects by a strained interpretation, especially in view of the fact that Section 27 of the same article allows amendments to be made in attachment proceedings, so that the same may be tried on their real merits and the purposes of justice subserved.

*The motion to quash will be overruled.*